UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORNELIUS COLEMAN AND LINDA HORAN, on behalf of themselves and all others similarly situated,<br><br>                                        Plaintiffs,<br>v.<br><br>RAILWORKS CORPORATION, KEVIN RIDDETT, AND BOB CUMMINGS,<br><br>                                        Defendants. | Case No. 20-civ-02428 (GBD) |

## DECLARATION OF JEREMIAH FREI-PEARSON

I, Jeremiah Frei-Pearson, affirm under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a founding partner of the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG"), counsel for Plaintiffs Cornelius Coleman and Linda Horan ("Plaintiffs") in the above-captioned case, brought on behalf of Plaintiffs and a putative class of approximately 20,763 individuals (the "Class" or "Class Members") whose Form W-2 data and/or payroll information ("Personal Information" or "PI") was potentially compromised as a result of an electronic security incident that was discovered on or around January 27, 2020 (the "Data Breach").

2. I am fully familiar with the facts and circumstances surrounding this matter, and I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Settlement.

3. After (i) informal discovery was exchanged between Plaintiffs and Defendants RailWorks Corporation, Kevin Riddett, and Bob Cummings (collectively, the "Defendants" or "RailWorks;" collectively with Plaintiffs, the "Parties"), (ii) Plaintiffs utilized an expert to assist in reviewing and analyzing the informal discovery provided by Defendants, (iii) the Parties held

numerous pre-mediation teleconferences, and (iv) the Parties provided extensive mediation statements, the Parties engaged in a full-day video-conference mediation on August 26, 2020 with experienced mediator Bennet G. Picker of Stradley Ronon Stevens & Young, LLP, where the Parties reached a general agreement in principle to settle, followed by approximately three weeks of further contentious settlement negotiation between the Parties, assisted and facilitated by Mediator Picker.

4. Though hard-fought, these settlement negotiations were ultimately successful, and after exchanging multiple drafts and multiple conferrals and negotiations over disputed issues, the Parties signed a memorandum of understanding on September 15, 2020, embodying the principle terms of a settlement to resolve Plaintiffs' and the putative class' claims in this litigation. The Parties then drafted and, on November 25, 2020, executed a detailed settlement agreement based on those terms (the "Settlement" or "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as Exhibit 1.

5. The Settlement provides that Defendants will offer Class Members credit monitoring and identity theft protection coverage through Identity Guard (or an equivalent provider in the event Identity Guard ceases to operate in its current form), through April 1, 2023; Plaintiffs estimate that this coverage is valued at approximately $300 per Class Member and a total of approximately $6.2 million to the Class. The Settlement also provides that Defendants will reimburse Class Members who can substantiate that they have expended time remedying issues related to identity theft directly caused by the Data Breach and will implement improved cyber-security measures.

6. Through this Settlement, Class Members will receive the above-described benefits far sooner than if litigation were to continue through trial. The Settlement also eliminates the risks to the Class that Defendants could prevail on a dispositive motion, on class certification, or at trial.

7. To effectuate the Settlement, the Parties agreed to the appointment of Epiq Class Action & Claims Solutions, Inc., as the settlement administrator ("Settlement Administrator"), which will, subject to Court approval, provide notice to the class. The Settlement Administrator has represented to defense counsel that its estimated fees and costs are $63,620.00 plus an additional $15,775.00 in postage -- totaling $79,395.00.

8. State and federal courts throughout the country have appointed FBFG as class counsel.

9. FBFG has diligently investigated, prosecuted, and dedicated substantial resources to the claims in this action and will continue to do so throughout its pendency.

10. FBFG has extensive experience in prosecuting similar class actions and other complex litigation. A copy of FBFG's firm resume is attached hereto as Exhibit 2.

11. Balancing the strength of the Class' claims against the legal and factual obstacles remaining and the Class' interest in obtaining a speedy resolution and associated relief, Plaintiffs and their counsel concluded that accepting the relief obtained in the proposed Settlement was in the best interest of the Class.

12. Plaintiffs share the same interests in securing relief for the claims in this case as every other member of the putative Class, and there is no evidence of any conflict of interest between Plaintiffs and the rest of the Class they seek to represent. Plaintiffs have demonstrated their continued willingness to vigorously prosecute this case and have regularly consulted with their counsel, reviewed documents and the proposed settlement, provided documents in the course

of this litigation, indicated their willingness to sit for depositions in this litigation, and indicated their desire to continue protecting the interests of the class through settlement or continued litigation.

13. At the final approval stage of the settlement approval process, Plaintiffs intend to apply for $5,000 service awards for each Named Plaintiff and for $493,000 in attorneys' fees and costs.

14. Consistent with the notice plan described in the Settlement Agreement, the Settlement Administrator will create and make available a website that will contain, in plain language, all requirements of Rule 23(c)(2)(B) about the nature of the lawsuit and Class Members' rights as well as provide access to relevant court documents (in addition to how to access the entire docket on PACER), answers to frequently asked questions, and a toll-free number to reach proposed class counsel.

15. Consistent with the notice plan described in the Settlement Agreement, the Parties drafted (i) an electronic notice of the settlement to be emailed to Class Members (the "Settlement Electronic Notice"), (ii) a postcard notice of the settlement to be mailed to Class Members (the Settlement Postcard Notice") for whom the Parties do not have email addresses or for whom the Settlement Administrator does not receive a "read receipt" for the Settlement Electronic Notice, (iii) a detailed long-form notice of the settlement (the "Settlement Long-Form Notice") to be made available on the Settlement Administrator's settlement website, and (iv) a reminder notice (the "Settlement Reminder Notice") to be sent 45 days after the Settlement Postcard Notice to any Class Members who have not yet submitted a claim.

16. The notices are formatted and written in plain language so as to be easy to read and readily understood by Class Members; the notices clarify the Settlement Agreement's definitions

and benefits, contain contact information for the proposed class counsel, the settlement website address, the date of the final approval hearing, instructions on how to submit a claim, object, or opt-out of the Settlement. Copies of the Settlement Electronic Notice, Settlement Postcard Notice, Settlement Long-Form Notice, and Settlement Reminder Notice are attached as Exhibits 5-8 to this declaration.

17. The Electronic Notice and Postcard Notice direct potential Class Members to the settlement website, which will serve as a more detailed form of notice and provide Class Members with the ability to file a claim form online. Further, the Settlement website will contain, in plain language, all requirements of Rule 23(c)(2)(B) about the nature of the lawsuit and Class Members' rights as well as provide access to relevant court documents (in addition to how to access the entire docket on PACER), answers to frequently asked questions, and a toll-free number to reach proposed class counsel.

18. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 1.

19. A true and correct copy of the FBFG Firm Resume is attached hereto as Exhibit 2.

20. A true and correct copy of the Proposed Order is attached hereto as Exhibit 3.

21. A true and correct copy of the Memorandum of Understanding is attached hereto as Exhibit 4.

22. A true and correct copy of the Settlement Postcard Notice is attached hereto as Exhibit 5.

23. A true and correct copy of the Settlement Electronic Notice is attached hereto as Exhibit 6.

24. A true and correct copy of the Settlement Long-Form Notice is attached hereto as Exhibit 7.

25. A true and correct copy of the Settlement Reminder Notice is attached hereto as Exhibit 8.

26. A true and correct copy of the Claim Form for Reimbursement is attached hereto as Exhibit 9.

27. A true and correct copy of the Claim Form for Identity Monitoring is attached hereto as Exhibit 10.

Dated: November 30, 2020
       White Plains, New York

*/s/Jeremiah Frei-Pearson*
Jeremiah Frei-Pearson
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jfrei-pearson@fbfglaw.com