# EXHIBIT 3

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CORNELIUS COLEMAN AND LINDA HORAN, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>RAILWORKS CORPORATION, KEVIN RIDDETT AND BOB CUMMINGS,<br><br>                              Defendants. | Case No. 20-civ-02428 (GBD) |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND APPROVING NOTICE PROGRAM**

WHEREAS, a putative class action is pending before the Court entitled *Coleman et al., v. RailWorks Corporation et al.,* Case No. 20-cv-02428-GBD;

WHEREAS, Cornelius Coleman and Linda Horan (also referred to as "Plaintiffs" or "Settlement Class Representatives" for purposes of the Settlement Agreement), for themselves and on behalf of the Settlement Class, RailWorks Corporation ("RailWorks" or "Defendant"), have agreed to settle Plaintiffs' claims related to a cyberattack perpetrated against RailWorks on or about January 14, 2020 (the "Security Incident");

WHEREAS, the Parties' Class Action Settlement Agreement and Release ("Settlement Agreement"), together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants for the claims of the Settlement Class upon the terms and conditions set forth in the Settlement Agreement, and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties and the motion of Plaintiffs seeking preliminary approval of the Settlement Agreement, good cause being shown, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1.      Terms and phrases in this order shall have the same meaning as set forth in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, the Settlement Class Members, and Defendant, and venue is proper in this District.

Settlement Class Certification.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only, a Class consisting of the following:

> a      **Class:**  All individuals who are citizens and/or residents of the United States of America and satisfy the following requirements: (1) the individual is an employee, former employee, beneficiary or dependent of an employee or former employee of RailWorks, or a vendor of RailWorks that received  IRS Form 1099; and (2) the individual's personal information was affected by the Security Incident (as reflected by RailWorks' records pertaining to the Security Incident).

4.      Excluded from the Settlement Class are all judicial officers assigned to this Action, Defendant, its officers and directors during the Settlement Class Period, the members of their immediate families, and their respective representatives, heirs, successors, and assigns. Also excluded from the Settlement Class are those Persons who otherwise satisfy the above requirements for membership in the Class, but who timely and validly request exclusion from the Class pursuant to the Notice to be sent to Class Members.

5.      The Court hereby appoints Plaintiffs Cornelius Coleman and Linda Horan as Settlement Class Representatives.

6.      The Court hereby appoints Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, and Thomas & Solomon LLP as Settlement Class Counsel, finding that class counsel are well-qualified and experienced.

Preliminary Approval

7.      Plaintiffs have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice against Defendants.  The Court, having read and considered the Settlement Agreement and having received the Parties' arguments in support of the Settlement Agreement, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing.

8.      The Court preliminarily finds that the requirements for class certification under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are satisfied for the reasons set forth in the Plaintiffs' Motion for Preliminary Approval. For purposes of the settlement, the Court finds that the proposed Class is ascertainable and that the requirements of numerosity, commonality, typicality, and adequacy of representation are satisfied. The Court further finds preliminarily that, for purposes of the settlement, there are predominant common questions of fact or law. The Court further finds preliminarily that the settlement is a superior means of resolving the Class Members' claims rather than individual suits.

9.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement Class as to their claims against Defendant.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides beneficial relief to the Settlement Class.  The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive arms' length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance of experienced mediator Bennet G. Picker; (b) is sufficient to

warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c)

meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of

liability by Defendant.

Notice and Administration

        10.     Epiq Class Action & Claims Solutions, Inc. is hereby appointed as Settlement

Administrator and shall perform all the duties of the Settlement Administrator as set forth in the

Settlement Agreement and this order.

        11.     The Court finds that the notice plan and all forms of Notice to the Class as set

forth in the Settlement Agreement and Exhibits TK and TK thereto (the "Notice Program") is

reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of

the pendency of this action, the certification of the Settlement Class, the terms of the Settlement

Agreement, and the right of members to object to the settlement or to exclude themselves from

the Class.  The Notice Program is consistent with the requirements of Rule 23 and due process,

and constitutes the best notice practicable under the circumstances.

        12.     The Court thus hereby approves the Notice Program, including the proposed

Notice documents attached as Exhibits TK and TK to the Settlement Agreement.  The Court also

approves the plan for claims administration, including the Claim Forms attached as Exhibits TK

and TK to the Settlement Agreement. The Parties may, by agreement, revise the Notice, and

Claims Forms documents in ways that are not material, or in ways that are appropriate to update

those documents for purposes of accuracy or formatting.

        13.     Prior to entry of the Preliminary Approval Order, RailWorks shall provide the

Settlement Administrator with a list of the names, last known mailing addresses, and electronic

mail addresses of the Settlement Class Members;

        14.     Pursuant to the Settlement Agreement, after the entry of this Preliminary

Approval Order (the "Notice Date"), and subject to the requirements of the Settlement

Agreement and this Preliminary Approval Order, RailWorks shall coordinate with the Settlement

Administrator to provide Notice pursuant to the Notice Program as follows:

a      Within fourteen days (14) of this Order being entered, the Settlement Administrator shall send Settlement Electronic Notice, with read receipt requested, to each Settlement Class Member for whom Defendant provided an email address;

b      Within fourteen (14) days after sending the Settlement Electronic Notice and within thirty-five (35) days of entry of this Preliminary Approval Order, the Settlement Administrator shall send the Settlement Postcard Notice via U.S. Mail to: (1) the Class Members for whom RailWorks has no electronic mail address on record; and (2) the Class Members who were sent the Settlement Electronic Notice but for whom the Settlement Administrator did not receive a read receipt.

c      If the mailing of a Settlement Postcard Notice is returned as undeliverable, the Settlement Administrator will make reasonable efforts to identify a new address for that Class Member, including, but not limited to, skip-tracing, and promptly re-send the Settlement Postcard Notice to the identified new address, if any. If the Settlement Postcard Notice is returned as undeliverable a second time, the Settlement Administrator shall not have any obligation to attempt to identify a new address for that Class Member unless the USPS provides a new address when returning the postcard as undeliverable for the second time.

d      Forty-five (45) days after the Settlement Administrator sends the Settlement Postcard Notice, the Settlement Administrator shall provide a written reminder of the Settlement and the deadlines for submitting a claim, opting out of the Settlement, and objecting to the Settlement to any Class Member who has not yet submitted a Claim Form, opted out, or objected. The Settlement Reminder Notice shall be sent by U.S. Mail to Class Members who received a Settlement Postcard Notice and by

electronic mail to all other Class Members who received the Settlement

Electronic Notice and for whom a read receipt was received by the

Settlement Administrator.

e        The Settlement Administrator shall publish, on or before the Notice Date,

the Long-Form Notice on the Settlement website in accordance with the

requirements set forth in the Settlement Agreement.

15.        Settlement Class Members who wish to receive benefits under the Settlement

Agreement must complete and submit a valid Claim Form for identity theft protection coverage

and/or a valid Claim Form for reimbursement of time spent  related to the Security Incident. All

Class Members who did not previously sign up for Identity Theft Protection must fill out a Claim

Form.  All Claim Forms for Identity Theft Protection must be postmarked or received by the

Settlement Administrator not later than thirty (30) days after the date of the Order and Final

Judgment, assuming that final approval of the Settlement is granted.  All Reimbursement Claim

Requests for time spent  related to the Security Incident must be received by the Settlement

Administrator within 60 days of the last date on which time was expended by the individual or

within 60 days of the date upon which the Settlement Reminder Notice is mailed, whichever is

later, but in no event later than April 1, 2023.

16.        Within ten (10) days of the filing of the motion for preliminary approval, the

Settlement Administrator, on behalf of Defendant, shall serve or cause to be served a notice of

the proposed Settlement in accordance with the requirements of the Class Action Fairness Act,

28 U.S.C. § 1715(b).

Exclusion

17.        Settlement Class Members who wish to exclude themselves from the Settlement

Class for purposes of this Settlement may do so by submitting an opt-out request to the

Settlement Administrator prior to the opt-out deadline to be specified in the Notices, which date

shall be 90 days from the date the Settlement Postcard Notice is scheduled to be mailed by the

Settlement Administrator.  The opt-out request must comply with the exclusion procedures set

forth in the Settlement Agreement.  Each Settlement Class Member desiring to exclude him or herself from the Settlement Class shall timely submit, by U.S. Mail, written notice of such intent to the designated address set forth in the Notice. The written notice must clearly manifest the intent to opt-out from the Settlement Class, and must be signed by the Settlement Class Member. A request for exclusion may not request exclusion of more than one member of the Settlement Class.  Mass opt-outs are not permitted.

18.     Any member of the Settlement Class who timely requests exclusion consistent with these procedures may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement.  Settlement Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment.

Objections

19.     Any member of the Settlement Class who has not timely filed an opt-out request may object to the granting of final approval to the settlement. Settlement Class Members may object on their own, or may do so through separate counsel at their own expense. Any objection must be mailed to or filed with the Clerk of Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, no later than 90 days from the date the Settlement Postcard Notice is scheduled to be mailed by the Settlement Administrator.

20.     Any written objection to the Settlement must include:  (1) a heading which includes the name of the case and case number; (ii) the name, address, telephone number, and signature of the Class Member filing the objection; (iii) the specific reasons why the Class Member objects to the proposed settlement; (iv) the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney; (v) whether the objecting Class Member intends to appear at the final approval hearing, either in person or through counsel.

21.     In addition, a notice of intent to object must contain the following information, if the Class Member or his or her attorney requests permission to speak at the final approval

hearing: (i) a detailed statement of the legal and factual basis for each and every objection; (b) a list of any and all witnesses whom the Class Member may seek to call at the final approval hearing, with the address of each witness and a summary of his or her proposed testimony (whether any such testimony is allowed will be in the discretion of the Court, in accordance with the rules of the Court); (iii) a detailed description of any and all evidence the Class Member may offer at the final approval hearing, including photocopies of any and all exhibits which the objector may seek to introduce at the final approval hearing (whether any such evidence is admitted or otherwise considered will be determined by the Court, in accordance with the rules of the Court); (iv) a list of any legal authority the Class Member will present at the final approval hearing; and (v) documentary proof of membership in the Class.

22.     Any member of the Settlement Class who fails to file and serve a timely written objection in compliance with the requirements of this order and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.

Fairness Hearing

23.     A fairness hearing (the "Final Approval Hearing" or "Fairness Hearing") shall be held before this Court on _____ in Courtroom 11A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, or by videoconference or telephonic means, to consider: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a final judgment should be entered; (c) whether to award payment of attorneys' fees, costs, and expenses to Class Counsel and in what amount; and (d) whether to award payment of a service award to the Settlement Class Representatives and in what amount. The Court may adjourn the Fairness Hearing without further notice to Settlement Class Members. If the Court chooses to hold the Fairness Hearing by videoconference or telephonic means, notice will be posted on the Court's

docket on PACER (http://ecf.nysd.uscourts.gov) and on the Settlement Website, and the Parties shall provide such information to anyone who files a timely objection to the Settlement.

24.     Class Counsel shall file any papers in support of their requested award of attorneys' fees and expenses and the Settlement Class Representatives' Incentive Awards on or before 45 days after the Settlement Reminder Notice is mailed.

25.     Counsel for the Parties shall serve and file any response to any objections to the Settlement and a Motion for Final Approval on or before 21 days before the Fairness Hearing.

Miscellaneous Provisions

26.     To protect its jurisdiction to consider the fairness of the Settlement Agreement and to enter a final order and judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all members of the Settlement Class, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address rights or claims of any Released Party or Settlement Class Member relating to, or arising out of, any of the Released Claims.

27.     Settlement Class Members shall be bound by all determinations and judgments concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

28.     All case deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

29.     Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

30.     In the event that this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Settlement Class for purposes of effectuating the Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Settlement Class had never been certified

pursuant to this Settlement Agreement and such findings had never been made, and the Action

shall return to the procedural posture in effect prior to entry of this Order.  Neither party, nor

counsel shall refer to or invoke the vacated findings and/or order relating to class settlement or

Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not

consummated and the Action is later litigated and contested by Defendant under Rule 23 of the

Federal Rules of Civil Procedure.

      31.     The Settlement Agreement is not a concession or admission, and shall not be used

against RailWorks or any of the Released Parties as an admission or indication with respect to

any claim of any fault or omission by RailWorks or any of the Released Parties.  Whether or not

the Settlement Agreement is finally approved, neither the Settlement Agreement, nor any

document, statement, proceeding or conduct related to the Settlement Agreement, nor any reports

or accounts thereof, shall in any event be:

      a     Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication, or admission by RailWorks or any of the Released Parties of any liability, fault, wrongdoing, omission, concession, or damage; or

      b     Disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Civil Action, or in any other civil, criminal or administrative action or proceeding, except for purposes of settling the Civil Action pursuant to the Settlement Agreement and by the Parties for purposes of enforcing the Settlement Agreement.

**IT IS ORDERED.**

Dated: _____, _____

_____

Honorable George B. Daniels