# <u>EXHIBIT 1</u>

Case 1:20-cv-02428-GBD   Document 28-1   Filed 12/04/20   Page 2 of 23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- x
                              :

CORNELIUS COLEMAN AND LINDA    :
HORAN, on behalf of themselves and all   :
others similarly situated,              :                  No. 20-civ-02428

            Plaintiffs,          :                  (GBD)

                              :

      vs.                        :

RAILWORKS CORPORATION, KEVIN    :
RIDDETT AND BOB CUMMINGS,      :

            Defendants.        :
-------------------------------------------------- x

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release is entered into between and among (1) Plaintiffs, on behalf of themselves and all others similarly situated, on the one hand, and (2) RailWorks, on the other hand, subject to preliminary and final approval by the Settlement Court as required by Rule 23(e) of the Federal Rules of Civil Procedure.[1]

WHEREAS, the Civil Action is pending in the Settlement Court, alleging, *inter alia,* that RailWorks failed to adequately secure personal information that may have been compromised in a Security Incident;

WHEREAS, Plaintiffs and Class Counsel believe that the factual and legal claims asserted in the Civil Action are meritorious. Class Counsel has investigated the facts relating to the claims and defenses alleged and the underlying events in the Civil Action, have made a thorough study of the legal principles applicable to the claims and defenses asserted in the Civil Action, and have conducted a thorough assessment of the strengths and weaknesses of the claims in the Civil Action;

WHEREAS, RailWorks asserts numerous legal and factual defenses to the claims made in the Civil Action and denies any wrongdoing or liability whatsoever;

WHEREAS, the Parties mediated all day on August 26, 2020 with Bennett G. Picker, Esq. of Stradley, Ronon, Stevens & Young serving as mediator, and also engaged in numerous phone calls and written exchanges, before ultimately reaching a settlement in principle as to all claims;

---

[1] All capitalized terms used herein are defined in Section I, Definitions, below.

WHEREAS, the Plaintiffs and Class Counsel have concluded, after investigation of the facts and after carefully considering the circumstances of the Civil Action, including the claims asserted in the Complaint, the status of the Civil Action and the possible legal, factual and procedural defenses thereto, that it would be in the best interests of the Settlement Class to enter into this Agreement, which interests include the substantial value to be derived by this settlement and the interest in avoiding the uncertainties of litigation and assuring that the benefits reflected herein are obtained for the Settlement Class; that the Plaintiffs consider the Settlement set forth herein to be fair, reasonable and adequate and in the best interests of the Settlement Class; and Plaintiffs and Class Counsel believe that the Settlement confers substantial benefits upon the Settlement Class;

WHEREAS, RailWorks, after vigorous, arms-length negotiations, has conditionally agreed to provide certain monetary and non-monetary measures in settlement for the benefit of the Settlement Class, as provided in this Agreement;

WHEREAS, RailWorks, despite its belief that it has valid and complete defenses to the claims asserted against it in the Civil Action, has nevertheless agreed to enter into this Agreement to reduce and avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby to resolve this controversy;

NOW, THEREFORE it is agreed by and between the undersigned on behalf of RailWorks and the Plaintiffs, on behalf of the Settlement Class, that any and all claims made against RailWorks by the Plaintiffs in the Civil Action be settled, compromised and dismissed on the merits and with prejudice and, except as hereafter provided, without costs as to the Plaintiffs or RailWorks, subject to the approval of the Settlement Court, on the following terms and conditions.

## I.   DEFINITIONS

In addition to the terms defined at various points within the Agreement, the following definitions of terms apply throughout the Agreement.

1.      **"Agreement"** means this Class Action Settlement Agreement and Release, including all exhibits hereto.

2.      "**Civil Action**" means the action captioned *Cornelius Coleman and Linda Horan, on behalf of themselves and all others similarly situated v. RailWorks Corporation, Kevin Riddett and Bob Cummings*, Case No. 1:20-cv-02428-GBD, pending in the United States District Court for the Southern District of New York.

3.      "**Claim Deadline**" means 30 Days after the date of the Order and Final Judgment, except that with respect to claims for reimbursement of lost time pursuant to Paragraph 44(b) of this Agreement only, the deadline for submitting a claim is the later of 1) 60 days after the Reminder Notice was sent; or 2) 60 days after the Settlement Class Member last expended reimbursable time, but in no event shall the deadline for submitting such a claim be later than April 1, 2023.

4.      **"Claim Form"** means the form(s) members of the Settlement Class must complete and submit on or before the Claim Deadline in order to be eligible for the benefits described herein, substantially in the form of Exhibit 1 to this Settlement Agreement. Each Claim Form shall require a paper or electronic signature under penalty of perjury pursuant to 28 U.S.C. § 1746, but shall not require a notarization or any other form of signature verification.

5.      **"Class"** means all individuals who are citizens and/or residents of the United States of America and satisfy the following requirements: (1) the individual is an employee, former employee, beneficiary or dependent of an employee or former employee, or a vendor of RailWorks that received IRS Form 1099; and (2) the individual's personal information was affected by the Security Incident (as reflected by RailWorks' records pertaining to the Security Incident). The Class will not include any other individuals, and will not include any entities.

6.      **"Class Counsel"** shall mean Jeremiah Frei-Pearson and Andrew C. White of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Nelson Thomas, Michael J. Lingle, and Jessica L. Lukasiewicz of Thomas & Solomon LLP.

7.      **"Class Member"** means any person falling within the definition of the Class.

8.      **"Complaint"** means the Class Action Complaint and Demand for Jury Trial filed by Plaintiffs on March 19, 2020 in the Civil Action.

9.      **"Day(s)"** means calendar days, except, when computing any period of time prescribed or allowed by this Settlement Agreement, does not include the day of the act, event, or default from which the designated period of time begins to run. Further, when computing any period of time prescribed or allowed by this Settlement Agreement, "Day(s)" includes the last day of the period unless it is a Saturday, a Sunday, or a New York State legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or New York State legal holiday.

10.     **"Effective Date"** has the meaning ascribed in Paragraph 50 of this Agreement.

11.     **"Final Approval Hearing"** means the hearing to determine whether the settlement of the Civil Action should be given final approval and whether the applications of Class Counsel for attorneys' fees, costs and expenses and named plaintiff incentive awards should be approved.

12.     **"Motion for Final Approval"** is the motion to be filed by the Plaintiffs pursuant to Paragraph 48 of this Agreement which shall be submitted to RailWorks for review and consent prior to filing.

13.     **"Motion for Preliminary Approval"** is the motion to be filed by the Plaintiffs pursuant to Paragraph 37 of this Agreement, which shall be submitted to RailWorks for review and consent prior to filing. This Agreement shall be an exhibit to the Motion for Preliminary Approval.

14.  **"Notice(s)"** means the written notices to be sent to Settlement Class Members pursuant to the Preliminary Approval Order, as set forth in Paragraph 39(b) and (c) of this Agreement.

15.  "**Objection Deadline**" means the deadline for objections to the Settlement to be specified in the Notices, which date shall be 90 days from the date the Settlement Postcard Notice is scheduled to be mailed by the Settlement Administrator.

16.  "**Opt-Out Deadline**" means the deadline for requests to opt-out of the Settlement to be specified in the Notices, which date shall be 90 days from the date the Settlement Postcard Notice is scheduled to be mailed by the Settlement Administrator.

17.  "**Order and Final Judgment**" means an order of the Settlement Court granting final approval of the settlement and the corresponding final judgment.

18.  "**Party**" or "**Parties**" mean the Plaintiffs, acting on behalf of the Settlement Class, and RailWorks.

19.  "**Plaintiffs**" or **"Settlement Class Representatives"** means Cornelius Coleman and Linda Horan.

20.  "**Preliminary Approval Order**" means an order issued by the Settlement Court preliminarily approving the settlement provided for in this Agreement.

21.  "**RailWorks**" means, collectively, RailWorks Corporation, and its subsidiaries and affiliates.

22.  "**RailWorks Counsel**" means Linn F. Freedman, Robinson & Cole LLP One Financial Plaza 14th Floor, Providence, RI 02901 and Wystan M. Ackerman, Robinson & Cole LLP, 280 Trumbull Street, Hartford, CT 06103.

23.  "**Released Claims**" means any and all known and unknown claims, rights, demands, actions, causes of action, private or other rights of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto*, tort, statutory, common law or equitable, including but not limited to negligence, breach of express or implied contract, breach of the implied covenant of good faith and fair dealing, bad faith, violation of any federal or state statute or regulation in any jurisdiction, any claims for punitive or exemplary damages, restitution, disgorgement, attorneys' fees, costs of suit, injunctive relief, specific performance, or prejudgment or post-judgment interest arising from or relating in any way to the Security Incident. Released Claims include but are not limited to any and all claims that were alleged or could have been alleged in the Civil Action.

24.  "**Releasees**" or "**Released Entities**" means (a) RailWorks, Kevin Riddett, and Bob Cummings; (b) all of the past and present divisions, parent entities, entities sharing the same parent company(ies) as RailWorks, and subsidiaries and affiliates of RailWorks; (c) all past and present officers, directors, agents, attorneys, employees, stockholders, successors, assigns, reinsurers, and legal representatives of the entities and/or persons listed in Subparagraphs (a)-(b);

and (d) all of the heirs, estates, successors, assigns, and legal representatives of any of the entities or persons listed in this Paragraph.

25.      "**Releasors**" means Plaintiffs and any and all Settlement Class Members as well as their respective present and former heirs, executors, trustees, administrators, assigns, subrogees, agents, attorneys and any of their legal representatives, and any entities or persons on whose behalf the Settlement Class Member is or was authorized to act, and all past and present officers, directors, agents, attorneys, employees, stockholders, successors, assigns, insurers, reinsurers, independent contractors, and legal representatives of any such persons or entities.

26.      **"Security Incident"** means the cyberattack that took place against RailWorks on or about January 14, 2020.

27.      "**Settlement**" means the settlement reflected by this Agreement.

28.      "**Settlement Court**" or **"Court"** means the United States District Court for the Southern District of New York.

29.      "**Settlement Administrator**" means Epiq Class Action & Claims Solutions, Inc. or another settlement administrator selected by RailWorks with the consent of the Plaintiffs (not to be unreasonably withheld, conditioned or delayed).

30.      "**Settlement Class**" or "**Settlement Class Member**" means all Class Members other than any Settlement Class Opt-Outs.

31.      "**Settlement Class Opt-Out**" means any person or entity falling within the definition of the Class who timely and validly submits a request for exclusion from the Settlement Class in accordance with the procedures set forth in Paragraph 40 below and the Settlement Long-Form Notice.

32.      **"Settlement Electronic Notice"** refers to the notice to be provided to the Class by electronic mail, without material alteration from Exhibit 2 hereto, in accordance with Paragraph 39(b) below.

33.      "**Settlement Long-Form Notice**" refers to the notice to be made available to the Class on the Settlement website maintained by the Settlement Administrator, without material alteration from Exhibit 3 hereto (except where necessary to render it electronically accessible), in accordance with Paragraphs 39(d) and 42 below.

34.      "**Settlement Postcard Notice**" refers to the notice to be provided to the Class by postcard, without material alteration from Exhibit 4 hereto (except where necessary to make it electronically accessible), in accordance with Paragraph 39(b) below.

35.      **"Settlement Reminder Notice"** refers to the notice to be provided, without material alteration from Exhibit 4 hereto (except where necessary to make it electronically accessible), in accordance with Paragraph 39(c) below.

## II.    <u>IMPLEMENTATION OF SETTLEMENT</u>

36.    <u>Reasonable Best Efforts to Effectuate This Settlement</u>.  Consistent with the terms of this Agreement and notwithstanding the rights of the Parties to terminate this Agreement as set forth herein, the Parties and their counsel agree to use their reasonable best efforts, including all steps and efforts contemplated by this Agreement and any other reasonable steps and efforts that may be necessary or appropriate, by order of the Settlement Court or otherwise, to carry out the terms of this Agreement.

37.    <u>Motion for Preliminary Approval</u>.  Following the execution of this Agreement, the Plaintiffs shall promptly file a Motion for Preliminary Approval seeking entry of the Preliminary Approval Order in the form annexed hereto as Exhibit 6.

38.    <u>Class Action Fairness Act Notice</u>. Within 10 days after the filing of the Motion for Preliminary Approval, the Settlement Administrator, on behalf of RailWorks, shall give notice to the Attorney General of the United States, and the attorney general of each state and territory of the United States in which one or more Class Members reside, serving on them the documents described in 28 U.S.C. § 1715(b)(1) through (8), as applicable.

39.    <u>Notice to the Class</u>.  In the event the Settlement Court enters the Preliminary Approval Order, the Settlement Administrator shall, in accordance with the Preliminary Approval Order, provide notice to the Class as set forth below:

(a)    <u>List of the Class Members</u>. Prior to entry of the Preliminary Approval Order, RailWorks shall prepare and provide to the proposed Settlement Administrator a list of the names, last known addresses, and last known electronic mail addresses of the Class Members.

(b)    <u>Notice</u>. Within 14 days of entry of the Preliminary Approval Order, for those Class Members for whom RailWorks has provided an e-mail address, the Settlement Administrator shall send the Settlement Electronic Notice to the Class Members via electronic mail (with read receipt requested) to Class Members' last known electronic mail addresses. Within fourteen (14) days after sending the Settlement Electronic Notice and within thirty-five (35) days of entry of the Preliminary Approval Order, the Settlement Administrator shall send the Settlement Postcard Notice via U.S. Mail to 1) the Class Members for whom RailWorks has no electronic mail address on record and 2) the Class Members who were sent the Settlement Electronic Notice but for whom the Settlement Administrator did not receive a read receipt. The form of the Settlement Postcard Notice is attached as Exhibit 4 hereto. If the mailing of a Settlement Postcard Notice is returned as undeliverable, the Settlement Administrator will make reasonable efforts to identify a new address for that Class Member, including, but not limited to, skip-tracing, and promptly re-send the Settlement Postcard Notice to the identified new address, if any. If the Settlement Postcard Notice is returned as undeliverable a second time, the Settlement Administrator shall not have any obligation to attempt to identify a new address for that Class Member unless the USPS provides a new address when returning the postcard as undeliverable for the second time.

(c)    <u>Settlement Reminder Notice</u>. Forty-five (45) days after the Settlement Administrator sends the Settlement Postcard Notice, the Settlement Administrator shall provide a

written reminder of the Settlement and the deadlines for submitting a claim, opting out of the Settlement, and objecting to the Settlement to any Class Member who has not yet submitted a Claim Form, opted out, or objected. The Settlement Reminder Notice shall be sent by U.S. Mail to class members who received a Settlement Postcard Notice and by electronic mail to all other Class Members who received the Settlement Electronic Notice and for whom a read receipt was received by the Settlement Administrator. The form of the Settlement Reminder Notice is attached as Exhibit 5 hereto.

(d)     <u>Settlement Long Form Notice</u>. A detailed Settlement Long Form Notice, attached as Exhibit 3 hereto, will be made available to the Class Members on the settlement website to be maintained by the Settlement Administrator in accordance with Paragraph 42 below.

(e)     <u>Costs of Notice</u>. All costs of notice to the Class shall be incurred or paid by RailWorks as further provided in Paragraph 47.

40.     <u>Opt-Outs</u>.  A Class Member may opt out of the settlement by submitting an opt-out request to the Settlement Administrator by U.S. mail, as set forth in the Notice.  Any such opt-out request, in order to be timely, must be postmarked by the Opt-Out Deadline. Class Counsel shall not represent any persons opting out. Requests for exclusion must be exercised individually by a Class Member, not as or on behalf of a group, class, or subclass, except that such exclusion requests may be submitted by a Class Member's legal representative. A list of Class Members submitting a timely request for exclusion shall be submitted to the Court with the Motion for Final Approval. All Class Members who do not timely and properly exclude themselves from the Class shall be bound by this Agreement, and their claims shall be released as provided for herein. A Class Member is not entitled to submit both an opt-out request and a Claim Form. If a Class Member submits both an opt-out request and a Claim Form, the Settlement Administrator will send a letter explaining that the Class Member is not permitted to make both such requests, and asking the Class Member to make a final decision as to whether to opt out or submit a Claim Form and inform the Settlement Administrator of that decision within 10 days. If the Class Member does not respond to that communication within 14 days after the communication is mailed (or by the Opt-Out Deadline, whichever is later), the Class Member will be treated as having opted out of the Class.

41.     <u>Objections</u>. A Class Member who does not opt out as provided in Paragraph 40 may, as instructed in the Notice, file an objection to the settlement with the Clerk of Court or may file a motion to intervene. Any such objection or motion to intervene, in order to be timely, must be postmarked by the Objection Deadline. Any Class Member who has timely filed an objection in compliance with this paragraph may appear at the Final Approval Hearing to be scheduled by the Court, in person or by counsel, and be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness, and adequacy of the proposed settlement, and/or on the applications for attorneys' fees and costs and incentive award. The right to object to the proposed settlement or to intervene in the Civil Action must be exercised individually by a Class Member or his or her attorney, and not as a member of a group, class, or subclass, except that such objections may be submitted by a Class Member's legally authorized representative. To be effective, a notice of intent to object to the proposed settlement must:

(a)      Contain a heading which includes the name of the case and case number;

(b)      Provide the name, address, telephone number, and signature of the Class Member filing the objection;

(c)      Indicate the specific reasons why the Class Member objects to the proposed settlement;

(d)      Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney.  Any attorney representing a Class Member must comply with all applicable rules of the Court; and

(e)      State whether the objecting Class Member intends to appear at the final approval hearing, either in person or through counsel.

In addition, a notice of intent to object must contain the following information, if the Class Member or his or her attorney requests permission to speak at the final approval hearing:

(f)      A detailed statement of the legal and factual basis for each and every objection;

(g)      A list of any and all witnesses whom the Class Member may seek to call at the final approval hearing, with the address of each witness and a summary of his or her proposed testimony (whether any such testimony is allowed will be in the discretion of the Court, in accordance with the rules of the Court);

(h)      A detailed description of any and all evidence the Class Member may offer at the final approval hearing, including photocopies of any and all exhibits which the objector may seek to introduce at the final approval hearing (whether any such evidence is admitted or otherwise considered will be determined by the Court, in accordance with the rules of the Court);

(i)      A list of any legal authority the Class Member will present at the final approval hearing; and

(j)      Documentary proof of membership in the Class.

Class Members have the right to exclude themselves from the proposed settlement and pursue a separate and independent remedy against RailWorks by complying with the exclusion provisions in Paragraph 40.  Class Members who object to the proposed settlement shall remain Settlement Class Members and voluntarily waive their right to pursue an independent remedy against RailWorks. To the extent any Class Member objects to the proposed settlement, and such objection is overruled in whole or in part, such Class Member will be forever bound by the Order and Final Judgment of the Court.  Class Members can avoid being bound by any judgment of the Court by complying with the exclusion provisions in Paragraph 40.

Class Members who file objections are still entitled to receive benefits under the settlement if it is approved, but they must submit a timely Claim Form to do so. Submitting a timely Claim Form does not waive an objection to the settlement.

A Class Member is not entitled to submit both an opt-out request and an objection. If a Class Member submits both an opt-out request and an objection, the Settlement Administrator will send a letter explaining that they are not permitted to make both such requests, and asking the Class Member to make a final decision as to whether to opt out or object and inform the Settlement Administrator of that decision within 10 days. If the Class Member does not respond to that communication within 10 days after it was mailed (or by the Objection deadline, whichever is later), the Class Member will be treated as having opted out of the Class, and the objection will not be considered, subject to the Court's discretion.

42.     Website. The Settlement Administrator shall maintain a website, beginning on or before the date notice is sent out pursuant to Paragraph 39(b) and ending no later than May 31, 2023. The website shall include copies of this Settlement Agreement, the Settlement Long Form Notice, applicable deadlines; an online version of the Claim Form that will be accessible only by entering an alphanumeric code that will appear on the Settlement Electronic Notice and Settlement Postcard Notice, answers to frequently asked questions, the Motion for Preliminary Approval, the Preliminary Approval Order, any motions filed seeking attorneys' fees for the Plaintiffs and/or an incentive award for the Settlement Class Representatives, the Motion for Final Approval, and (after it is entered by the Court) the Order and Final Judgment. All content of the settlement website shall be reviewed by and mutually agreeable to Class Counsel and RailWorks Counsel. The Settlement Administrator will also maintain a toll-free number that will provide recorded answers to frequently asked questions.

43.     Claim Form. In order to receive compensation for which a Claim Form is required pursuant to Paragraph 44 of this Agreement, a Settlement Class Member must complete and timely submit to the Settlement Administrator a valid Claim Form. A Claim Form may be submitted by accessing the online Claim Form on the Settlement website by entering an alphanumeric code that will appear on the Settlement Electronic Notice and Settlement Postcard Notice and submitting the Claim Form electronically on the Settlement website. Alternatively, a Claim Form may be submitted by printing the Claim Form from the Settlement website or requesting a paper Claim Form by mail from the Settlement Administrator, and mailing the completed Claim Form to the Settlement Administrator. In order to be timely, printed Claim Forms must be sent to the Settlement Administrator by U.S. mail, postmarked by the applicable Claim Deadline, and online Claim Forms must be submitted by 11:59 pm Eastern time on the applicable Claim Deadline. Claim Forms must be submitted individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, except that a Claim Form may be submitted by a legal representative of a deceased Settlement Class Member or a Settlement Class Member who has been adjudicated to be mentally incompetent. If a Claim Form is submitted by a legal representative of a deceased or mentally incompetent Settlement Class Member, the Claim Form must be submitted together with a copy of a court order or other documentation from which the Settlement Administrator can reasonably verify the authority of the legal representative to act on behalf of the Settlement Class Member. All Settlement Class Members who do not opt-out of the settlement will be included in the Class and shall be bound by this Agreement, and their claims shall be released as provided for herein, regardless of whether the Settlement Class Member has submitted a Claim Form.

44.     Settlement Benefits. Subject to the terms of this Agreement, RailWorks shall make available the following benefits to Settlement Class Members who, except where noted,

the Settlement Administrator, and as applicable, Class Counsel reasonably determines have submitted valid Claims Forms:

      (a)    <u>Identity Theft Protection</u>. RailWorks will offer and pay for credit monitoring and identity theft protection coverage through Identity Guard (or an equivalent provider in the event Identity Guard ceases to operate in its current form), through April 1, 2023, for: (a) all Settlement Class Members who previously signed up for one year of credit monitoring and identity theft protection coverage when offered by RailWorks in connection with the Security Incident before suit was filed, without the need for filing a Claim Form; and (b) all Settlement Class Members who submit a Claim Form within thirty (30) days after the date of the Order and Final Judgment. For those Settlement Class Members who submit such Claim Forms, the Settlement Administrator will arrange for the Settlement Class Member to be signed up with Identity Guard (or the equivalent alternative provider) to activate the protection. If the Claim Form fails to contain sufficient information or accurate information necessary for the Settlement Administrator to arrange for the Identity Guard protection, the Settlement Administrator shall make reasonable efforts to contact the Settlement Class Member and obtain the necessary information, but if the Settlement Class Member fails to respond to the Settlement Administrator promptly and/or fails to provide the necessary information promptly, the Settlement Class Member will waive his or her rights to the Identity Guard protection.

      (b)    <u>Reimbursement for Lost Time</u>. Settlement Class Members who have expended time remedying issues related to identity theft directly caused by the Security Incident are eligible for reimbursement as follows:

      (i)    Settlement Class Members may submit a Claim Form, including a declaration signed (by hand or electronically) under penalty of perjury pursuant to 28 U.S.C. § 1746 and supporting documentation of their lost time, for up to five (5) hours at a rate of ten dollars ($10.00) per hour if the Class Member has first enrolled in the services provided by RailWorks through Identity Guard (or another substitute provider) prior to incurring the lost time. Such Claim Form including a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746 and supporting documentation must be submitted within 60 days of the last date on which time was expended by the individual or within 60 days of the date upon which the Settlement Reminder Notice is mailed, whichever is later, but in no event later than April 1, 2023.

      (ii)    In order to obtain reimbursement for lost time, Class Members must certify under penalty of perjury that (i) they enrolled in the identity theft protection services provided by RailWorks (either prior to this litigation or as part of this Settlement) prior to incurring the lost time; and (ii) they have not been previously reimbursed by any other source (such as insurance) for such lost time.

      (c)    <u>Security Measures</u>. RailWorks agrees to implement the following security measures:

      (i)    RailWorks will provide annual security training (through internal resources) to personnel it determines appropriate to receive such training, in its reasonable discretion, in each of 2021 and 2022.

(ii)     RailWorks will expand its internal cyber awareness communications, as it determines appropriate, in its reasonable discretion.

(iii)     RailWorks will conduct a penetration test within twelve (12) months following the date of the Order and Final Judgment.

45.     Claim Form Review

(a)     <u>Initial Claim Form Review by Settlement Administrator</u>. If the Settlement Administrator finds that a Claim Form is facially invalid because it is incomplete, fails to include a signature or fails to contain other information necessary to identify or process the claim, it shall notify the Settlement Class Member by mail within 30 days after the applicable Claim Deadline, or within 30 days of receiving a Claim Form seeking reimbursement for lost time. The Settlement Administrator will process Claim Forms in monthly batches. Settlement Class Members will be advised by the Settlement Administrator that they have 10 days from when the letter from the Settlement Administrator is postmarked to resubmit a new Claim Form correcting the deficiency(ies) identified by the Settlement Administrator. If a replacement Claim Form continues to be illegible or otherwise invalid because it is incomplete or fails to contain a signature or other information necessary to identify or process the claim under this Agreement, the Settlement Administrator shall inform the Settlement Class Member of its decision within 30 days of receiving the replacement Claim Form (as part of its review of monthly batches). The Settlement Administrator's determination as to the validity of Claim Forms under this paragraph shall be final, without any right of appeal.

(b)     <u>Claim Form Review by Class Counsel</u>. If a Claim Form seeking reimbursement for lost time is not rejected by the Settlement Administrator under Paragraph 45(a), the Settlement Administrator shall provide the Claim Form to Class Counsel, with batches of Claim Forms provided once per month. Class Counsel shall review the Claim Forms for compliance with this Agreement and notify the Settlement Administrator of Class Counsel's decision within fourteen (14) days of receipt. If Class Counsel determines that the Claim Form does not comply with this Agreement, the Settlement Administrator shall notify the Settlement Class Member by mail within seven (7) days of Class Counsel's decision.

(c)     <u>Claim Form Review by RailWorks</u>. If it chooses to do so, RailWorks shall have fourteen (14) days after Class Counsel has approved a monthly batch of Claim Forms seeking reimbursement for lost time to review the Claim Forms for compliance with this Agreement. If RailWorks disputes a claim, it will provide an explanation and any supporting documentation to Class Counsel and the Settlement Administrator, which will notify the Class Member(s) by letter through U.S. mail of the dispute and the reason for it within seven (7) days of RailWorks' decision.

(d)     <u>Dispute Resolution by Settlement Administrator</u>.  If Class Counsel or RailWorks disputes a claim under Paragraph 45(b) or (c) above, the Settlement Class Member(s) will have 21 days from the date of the Settlement Administrator's letter to submit any supporting documentation or further information not previously provided to the Settlement Administrator. The Settlement Administrator will make a final and binding decision within 30 days thereafter and inform the Class Member(s), Class Counsel and RailWorks in writing of its decision. The

Settlement Administrator's determination shall be final and binding without any further right of appeal or objection.

(e)     Payments of Claims. Payments on valid Claim Forms seeking reimbursement for lost time will be made by the Settlement Administrator within 21 days of resolution of the claim as part of a monthly batch of claims according to the process set forth in Paragraphs 45(a) through (d) above.

46.     Uncashed Checks. In the event that a check or draft issued to a Settlement Class Member by the Settlement Administrator is not negotiated within one-hundred eighty (180) days of the check or draft being mailed, within 60 days thereafter, the Settlement Administrator shall return the funds to RailWorks, unless otherwise agreed between the Settlement Administrator and RailWorks. The Settlement Class Member shall be deemed to have waived his or her entitlement to payment under this Agreement and RailWorks shall have no further monetary liability or responsibility to that Settlement Class Member. All other terms of this Agreement, including the Release set forth in Paragraph 54 below, shall remain in effect.

47.     Payment of Expenses Related to Notice and Administration. RailWorks will pay all costs reasonably incurred by the Settlement Administrator, subject to the terms of any agreements that may need to be negotiated and entered into by RailWorks with the Settlement Administrator (to be reviewed and approved by Class Counsel, consent for which shall not be unreasonably withheld, conditioned or delayed).

48.     Motion for Final Approval. In accordance with a schedule to be established by the Settlement Court, the Plaintiffs shall file a Motion for Final Approval in a form to be prepared and agreed upon by Class Counsel and RailWorks Counsel, seeking entry of an Order and Final Judgment in a form agreed upon by Class Counsel and RailWorks Counsel.

49.     Entry of Final Judgment.  If, after the Final Approval Hearing scheduled by the Settlement Court in the Preliminary Approval Order, the Settlement Court approves this Agreement, then counsel for the Parties shall request that the Settlement Court enter an Order and Final Judgment in a form agreed upon by Class Counsel and RailWorks Counsel.

50.     Effective Date of Settlement.  The settlement detailed in this Agreement shall be effective five (5) days after all of the following events have occurred:  (1) entry of the Preliminary Approval Order substantially in the form annexed hereto as Exhibit 7, or entry of a preliminary approval order not substantially in the form annexed hereto with respect to which neither RailWorks nor Class Counsel invoke their termination rights within the period prescribed in Section 59; (2) final approval by the Settlement Court of this Agreement, following notice to the Class and a final approval hearing; (3) entry by the Settlement Court of an Order and Final Judgment; (4) if any Settlement Class Member files an objection to the settlement, the expiration of any time for appeal or review (including by writ of certiorari or otherwise) of an Order and Final Judgment, or, if any appeal is filed, after an Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari; and (5) this Agreement is no longer subject to termination by any Party as provided for in Section 59.

51.  <u>Attorneys' Fees Expenses and Settlement Class Representative Incentive Awards</u>. The Parties agree that an award of attorneys' fees, expenses and Settlement Class Representative incentive awards in this action is a matter committed to the sole discretion of the Settlement Court within the limitations set forth in this paragraph. The Settlement Court shall determine the appropriate amount of any attorneys' fees and expenses to be paid to Class Counsel, and the amount of any incentive awards to be paid to the Plaintiffs, except that RailWorks has agreed to pay attorneys' fees, costs, expenses, and named plaintiff incentive awards in the total aggregate amount of up to $503,000 subject to Settlement Court approval. Railworks agrees not to challenge or oppose class counsel's requests for attorneys' fees, costs, expenses and Settlement Class Representative incentive awards as long as they do not, in the aggregate, exceed a total amount of $503,000. Railworks also agrees that Plaintiffs and Class Counsel shall have sole discretion in determining how and to whom the $503,000 is allocated, but RailWorks has specifically not agreed to that allocation, which has been made solely by Plaintiffs and Class Counsel and which is subject to court approval and/or modification.  If the Settlement Court chooses not to approve the amount(s) requested for attorneys' fees, costs/expenses and/or Settlement Class Representatives incentive awards or awards a lower amount (or awards no amount in any one or more of those categories), all remaining terms of this Agreement shall remain in full force and effect and RailWorks will pay only the amounts awarded by the Settlement Court, even if the total aggregate amount is below $503,000. Although this Agreement does not permit the Settlement Court to award more than $503,000 in the aggregate as set forth above, if that were to occur, Class Counsel will not accept any portion of any attorney's fees award that causes the total aggregate amount set forth above to exceed $503,000. Upon payment of the attorneys' fees, expenses and incentive awards as awarded by the Settlement Court in its discretion, the Plaintiffs and Class Counsel shall release and forever discharge any claims, demands, actions, suits, causes of action, or other liabilities relating to any attorneys' fees, expenses and incentive awards incurred in the Civil Action as to RailWorks. Any attorney's fees, expenses and incentive awards made by the Settlement Court in accordance with this paragraph shall be paid by check within 10 business days after the Effective Date.

52.  <u>All Claims Satisfied</u>.  Each Settlement Class Member shall look solely to the relief described in Paragraph 44 for settlement and satisfaction, as provided herein, of all Released Claims.

53.  <u>Class Certification for Settlement Purposes Only</u>.  The Parties acknowledge and agree and hereby stipulate that: (i) the Class will be certified for settlement purposes only pursuant to this Agreement, (ii) RailWorks reserves the right to object to class certification de novo in the event this Agreement is terminated for any reason, (iii) this Agreement shall have no precedential effect with regard to any motion for certification of a litigation class that may be filed if this matter is not fully and completely resolved through this settlement effort; and (iv) this Agreement shall have no precedential effect with regard to any other lawsuit against RailWorks that may be pending now or in the future, other than in a proceeding seeking to enforce this Agreement.

## III.  <u>RELEASES AND JURISDICTION OF SETTLEMENT COURT</u>

54.  <u>Release of Released Entities</u>.  Upon the Effective Date of this Agreement, the Released Entities shall be released and forever discharged from any Released Claims that any

Releasor has or may have had. All Releasors covenant and agree that they shall not hereafter seek to establish liability against any Released Entity based, in whole or in part, on any of the Released Claims. Upon the Effective Date, all Releasors will be forever barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any action against any Released Entity with respect to the Released Claims.

55.     Waivers of Provisions of Law Limiting the Release of Unknown or Unsuspected Claims.  The Releasors hereby expressly, knowingly, and voluntarily waive the provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, and/or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and/or approved by a court.  The Releasors expressly acknowledge and assume all risk, chance, or hazard that the damage allegedly suffered may be different, or may become progressive, greater, or more extensive than is now known, anticipated, or expected. Furthermore, the Releasors specifically release any right they may now or hereafter have to reform, rescind, modify, or set aside the release set forth in this Agreement through mutual or unilateral mistake or otherwise; and they assume the risk of such uncertainty and mistake with respect to the consideration herein mentioned and with respect to this being a final settlement.

56.     California Civil Code Section Waivers.  Without limiting Paragraph 55 above, as to the Released Claims, all Releasors waive all rights and benefits afforded by section 1542 of the Civil Code of the State of California, if applicable, and do so understanding the significance of that waiver. Section 1542 provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

Notwithstanding the provisions of section 1542, or any other law designed to prevent the waiver of unknown claims, and for the purpose of implementing a full and complete release and discharge of all Released Claims against all Released Entities, Releasors expressly acknowledge that this Agreement is intended to include in its effect, without limitation, all of the Released Claims that Releasors do not know or suspect to exist in their favor against the Released Entities, or any of them, at the time of execution hereof, and that this Agreement extinguishes any such claims.

57.     Consent to Jurisdiction.  The Parties hereby irrevocably submit to the exclusive jurisdiction of the Settlement Court for purposes of any suit, action, proceeding or dispute arising out of, or relating to, this Agreement or the applicability of this Agreement.

58.     Resolution of Disputes; Retention of Jurisdiction.  Any disputes between or among the Parties concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Settlement Court for resolution. The

Settlement Court shall retain jurisdiction over the implementation and enforcement of this Agreement.

## IV.     TERMINATION OF THE AGREEMENT

59.     Rejection or Material Alteration of Settlement Terms.  RailWorks and the Plaintiffs shall each have the right to terminate this Agreement by providing written notice of their election to do so to each other within ten (10) days of: (1) the Settlement Court declining to enter the Preliminary Approval Order in a form materially consistent with this Settlement Agreement and indicating that it would not enter a Preliminary Approval Order if the Parties make revisions that were materially consistent with this Settlement Agreement; (2) the number of Settlement Class Opt-Outs exceeding 7% of the Class Members (only RailWorks may terminate on this ground, in its discretion); (3) the Settlement Court declining to enter an Order and Final Judgment in a form materially consistent with this Agreement (other than determining, in the Settlement Court's sole discretion, the amount of the attorneys' fees and expenses award and incentive award in accordance with Paragraph 51) and indicating that it would not enter a Preliminary Approval Order if the Parties make revisions that were materially consistent with this Settlement Agreement; (4) the date upon which the Order and Final Judgment is modified or reversed in any material respect by any appellate court, which indicates that the Settlement cannot be approved if the Parties make revisions that are materially consistent with this Settlement Agreement (except with respect to the amount of the attorneys' fees and expenses or incentive award); (5) any financial obligation is imposed upon RailWorks in addition to and/or greater than those specifically accepted by RailWorks in this Agreement (only RailWorks may terminate on this ground); or (6) the mutual agreement of the Plaintiffs and RailWorks to terminate the Agreement. If an option to terminate this Agreement arises under this paragraph, no Party is required for any reason or under any circumstance to exercise that option.

60.     Return to Pre-Agreement Status.  In the event any of the Parties exercise the right of termination enumerated in Paragraph 59, this Agreement shall be null and void, the Parties shall jointly request that any orders entered by the Court in accordance with this Agreement be vacated, and the rights and obligations of the Parties shall be identical to those prior to the execution of this Agreement.  In the event either Party exercises any right of termination, the Parties agree to jointly request that the Court provide a reasonable opportunity to engage in such other further proceedings as were contemplated before the Parties entered into this Agreement.

61.     No Admission of Liability / Compromise of Disputed Claims.  The Parties hereto agree that this Agreement, whether or not the Effective Date occurs, and any and all negotiations, documents and discussions associated with it shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by RailWorks or of the truth of any of the claims or allegations contained in the Complaint; and evidence thereof shall not be discoverable or used directly or indirectly by the Plaintiffs or any third party, in any way for any purpose, except that the provisions of this Agreement may be used by the Parties to enforce its terms, whether in the Civil Action or in any other action or proceeding. This Agreement and all of the terms herein constitute compromises and offers to compromise under applicable federal rules of court and statutes. In the event that this Agreement is terminated pursuant to Paragraph 59, nothing in this Agreement or its negotiation may be used as evidence in any action. The Parties expressly waive the potential applicability of any doctrine,

case law, statute, or regulation, which, in the absence of this paragraph of this Agreement, could or would otherwise permit the admissibility into evidence of the matters referred to in this paragraph. The Parties expressly reserve all their rights and defenses if the settlement set forth in this Agreement does not become final and effective substantially in accordance with the terms of this Agreement. The Parties also agree that this Agreement, any orders, pleadings or other documents entered in furtherance of this Agreement, and any acts in the performance of this Agreement are not intended to be, nor shall they in fact be, admissible, discoverable or relevant in any other case or other proceeding against RailWorks to establish grounds for certification of any class, to prove either the acceptance by any Party hereto of any particular theory of coverage, or as evidence of any obligation that any Party hereto has or may have to anyone. This provision shall survive any termination of this Agreement.

## V.   REPRESENTATIONS AND WARRANTIES

62.   <u>Authorization to Enter This Agreement</u>.  The undersigned representative of RailWorks represents and warrants that he or she is fully authorized to enter into and to execute this Agreement on behalf of RailWorks. Class Counsel represent and warrant that they are fully authorized to conduct settlement negotiations with RailWorks Counsel on behalf of the Plaintiffs and to enter into, and to execute, this Agreement on behalf of Plaintiffs and the Settlement Class, subject to Settlement Court approval.

63.   <u>Assignment</u>.  Plaintiffs represent and warrant that they have not assigned or transferred any interest in the Civil Action which is the subject of this Agreement, in whole or in part.

64.   <u>Representation</u>.  Plaintiffs acknowledge that they have been represented by counsel of their own choosing in the Civil Action and the negotiation and execution of this Agreement, fully understand this Agreement, and that they have had a reasonable and sufficient opportunity to consult with counsel before executing this Agreement.

## VI.   ADDITIONAL PROVISIONS

65.   <u>Use of This Agreement</u>.  The provisions of this Agreement, and any orders, pleadings or other documents entered in furtherance of this Agreement, may be offered or received in evidence solely (i) to enforce the terms and provisions hereof or thereof, (ii) as may be specifically authorized by a court of competent jurisdiction after hearing upon application of a Party hereto, (iii) in order to establish payment or a defense in a subsequent case, including res judicata, or (iv) to obtain Court approval of this Agreement.

66.   <u>Binding Effect</u>.  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

67.   <u>Headings</u>.  The headings to this Settlement Agreement have been inserted for convenience only and are not to be considered when construing the provisions of this Agreement.

68.   <u>Construction</u>.  This Agreement shall be construed and interpreted to effectuate the intent of the Parties.  Plaintiffs intend for the settlement to provide fair compensation to Plaintiffs

and the Class.  RailWorks intends for the agreement to provide for a complete resolution by the Releasors of the Released Claims with respect to the Released Entities.  This Settlement Agreement shall not be construed more strictly against one Party than another merely because of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's-length negotiations resulting in this Settlement Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Settlement Agreement. All terms, conditions and exhibits are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement.

69.    <u>Choice of Law</u>.  All terms of this Agreement shall be governed by and interpreted according to the substantive laws of the State of New York without regard to its choice of law or conflict of laws principles.

70.    <u>Amendment or Waiver</u>.  This Agreement shall not be modified in any respect except by a writing executed by all the Parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving Party or their counsel, who may only sign with the permission of their clients. The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous.

71.    <u>Modification</u>.  Prior to entry of the Final Order and Judgment, this Agreement may, with approval of the Court, be modified by written agreement of the Parties or their counsel, who may only sign with the permission of their clients, without giving any additional notice to the Settlement Class, provided that such modifications are not materially adverse to the Settlement Class. To the extent that Settlement Class Members desire to be notified regarding any additional changes as described in this paragraph, or otherwise after the initial notice of the Settlement, the preliminary approval hearing and the Final Approval Hearing, they must file with the Clerk of Court in the Civil Action a request for notice, or send such a request in writing to the Settlement Administrator or Class Counsel, who shall maintain a list of all such requests that are received. Settlement Class Members who have and who provide an e-mail address agree to electronic notification. The provisions of this section advising Settlement Class Members of this requirement shall be included in the Settlement Long Form Notice.

72.    <u>Execution in Counterparts</u>.  This Agreement may be executed in counterparts. Facsimile signatures, or signatures in PDF format shall be considered as valid signatures as of the date thereof, and may be filed with the Settlement Court.

73.    <u>Integrated Agreement</u>.  This Agreement, including the exhibits hereto, contains an entire, complete, and integrated statement of each and every term and provision agreed to by and between the Parties hereto, and supersedes any prior oral or written agreements and contemporaneous oral agreements among the Parties, including but not limited to the Memorandum of Understanding for Class Action Settlement executed by the Parties on September 15, 2020. Exhibits to this Agreement are integral to the Agreement and are hereby incorporated and made part of this Agreement.

74.    <u>Notices</u>.  All notices and other communications required or permitted under this Agreement, other than requests for exclusion or objections to the proposed settlement, shall be in

writing and delivered in person, by overnight delivery service or by facsimile. Any such notice shall be deemed given as of the date of receipt and shall be delivered to the Parties as follows:

If to the Plaintiffs:

J. Nelson Thomas
Thomas & Solomon LLP
693 East Avenue
Rochester, New York 14607

Jeremiah Frei-Pearson
Finkelstein, Blankenship, Frei-Pearson & Garber, LLP
One North Broadway Suite 900
White Plains, New York 10601

If to RailWorks:

Linn F. Freedman
Robinson & Cole LLP
One Financial Plaza, 14th Floor
Providence, RI  02903-2485

75.     Severability.  In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision if the Parties mutually elect to proceed as if such invalid, illegal or unenforceable provision had never been included in the Agreement.

76.     Confidential Information.  The Plaintiffs, the Settlement Administrator and all persons involved in this settlement shall keep confidential any personal identifying information of the Settlement Class Members, and any financial information of RailWorks, that has or may come into their possession. Any documents or information provided by RailWorks to the Plaintiffs or Class Counsel will be destroyed three years after the Effective Date.

77.     Deadlines. In the event any date or deadline set forth in this Settlement Agreement falls on a weekend or federal or state legal holiday, such date or deadline shall be on the first business day thereafter.

78.     Retention of Records. The Settlement Administrator shall retain copies or images of all mailed notices or records thereof, returned mailed notices, correspondence related to the settlement and settlement checks for a period of three (3) years after the Effective Date. After this time, the Settlement Administrator will provide these records to RailWorks if it so desires, and the Settlement Administrator shall destroy any such documentary records they have in their possession, and RailWorks will have the option, in its sole discretion, to destroy such records.

79.     Contact With Class Members. RailWorks may communicate with the Class Members in the ordinary course of its business. RailWorks will refer inquiries regarding this Agreement and the administration of the Settlement to the Settlement Administrator.

82.     Public Statements. Prior to the final approval order, Plaintiffs' Counsel shall not (1) issue any press release or otherwise disclose the fact of or terms of this Settlement with any members of the media; or (2) make statements about the fact of or terms of the Settlement on any of Plaintiffs' Counsel's websites.  If contacted by members of the media regarding the Settlement, Plaintiffs' Counsel shall respond with a statement that "the matter was resolved" or words to that effect. After the final approval order, Plaintiffs' Counsel will also make no efforts to alert the press or media to the fact of or terms of the Settlement. If contacted by the press or media, Plaintiffs' Counsel may only respond with information contained in publicly filed settlement documents.

Dated this $\underline{16}^{th}$ day of November, 2020.

SIGNED AND AGREED:

_____

Cornelius Coleman

_____

Linda Horan


Class Counsel


_____

Jessica L. Lukasiewicz
Thomas & Solomon LLP
693 East Avenue
Rochester, NY 14607

_____

Jeremiah Frei-Pearson
Finkelstein, Blankenship, Frei-Pearson & Garber, LLP
One North Broadway Suite 900
White Plains, New York 10601


RailWorks Corporation


By:     _____


Its:    _____


19

79    Contact With Class Members  RailWorks may communicate with the Class Members in the ordinary course of its business  RailWorks will refer inquiries regarding this Agreement and the administration of the Settlement to the Settlement Administrator

82    Public Statements  Prior to the final approval order, Plaintiffs' Counsel shall not (1) issue any press release or otherwise disclose the fact of or terms of this Settlement with any members of the media, or (2) make statements about the fact of or terms of the Settlement on any of Plaintiffs' Counsel's websites  If contacted by members of the media regarding the Settlement, Plaintiffs' Counsel shall respond with a statement that "the matter was resolved" or words to that effect  After the final approval order, Plaintiffs' Counsel will also make no efforts to alert the press or media to the fact of or terms of the Settlement  If contacted by the press or media, Plaintiffs' Counsel may only respond with information contained in publicly filed settlement documents

Dated this 23 day of November, 2020

SIGNED AND AGREED

Cornelius Coleman

Linda Horan

Class Counsel

Jessica L. Lukasiewicz
Thomas & Solomon LLP
693 East Avenue
Rochester, NY 14607

Jeremiah Frei-Pearson
Finkelstein, Blankenship, Frei-Pearson &
Garber, LLP
One North Broadway Suite 900
White Plains, New York 10601

RailWorks Corporation

By:

Its:

19

79.    Contact With Class Members. RailWorks may communicate with the Class Members in the ordinary course of its business. RailWorks will refer inquiries regarding this Agreement and the administration of the Settlement to the Settlement Administrator.

82.    Public Statements.  Prior to the final approval order, Plaintiffs' Counsel shall not (1) issue any press release or otherwise disclose the fact of or terms of this Settlement with any members of the media; or (2) make statements about the fact of or terms of the Settlement on any of Plaintiffs' Counsel's websites.  If contacted by members of the media regarding the Settlement, Plaintiffs' Counsel shall respond with a statement that "the matter was resolved" or words to that effect. After the final approval order, Plaintiffs' Counsel will also make no efforts to alert the press or media to the fact of or terms of the Settlement. If contacted by the press or media, Plaintiffs' Counsel may only respond with information contained in publicly filed settlement documents.

Dated  11/25/2020

SIGNED AND AGREED:

_____
Cornelius Coleman


_____
Linda Horan


Class Counsel


_____
Jessica L. Lukasiewicz
Thomas & Solomon LLP
693 East Avenue
Rochester, NY 14607

_____
Jeremiah Frei-Pearson
Finkelstein, Blankenship, Frei-Pearson &
Garber, LLP
One North Broadway Suite 900
White Plains, New York 10601


RailWorks Corporation


By:  _____
Ben Levy
Its: Executive Vice President & General Counsel

19

79.     Contact With Class Members. RailWorks may communicate with the Class Members in the ordinary course of its business. RailWorks will refer inquiries regarding this Agreement and the administration of the Settlement to the Settlement Administrator.

82.     Public Statements.  Prior to the final approval order, Plaintiffs' Counsel shall not (1) issue any press release or otherwise disclose the fact of or terms of this Settlement with any members of the media; or (2) make statements about the fact of or terms of the Settlement on any of Plaintiffs' Counsel's websites.  If contacted by members of the media regarding the Settlement, Plaintiffs' Counsel shall respond with a statement that "the matter was resolved" or words to that effect. After the final approval order, Plaintiffs' Counsel will also make no efforts to alert the press or media to the fact of or terms of the Settlement. If contacted by the press or media, Plaintiffs' Counsel may only respond with information contained in publicly filed settlement documents.

Dated this 25th day of November, 2020.

SIGNED AND AGREED:

_____
Cornelius Coleman

_____
Linda Horan

Class Counsel

_____
Jessica L. Lukasiewicz
Thomas & Solomon LLP
693 East Avenue
Rochester, NY 14607

_____
Jeremiah Frei-Pearson
Finkelstein, Blankenship, Frei-Pearson & Garber, LLP
One North Broadway Suite 900
White Plains, New York 10601

RailWorks Corporation

By:     _____

Its:    _____

19