UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORNELIUS COLEMAN AND LINDA HORAN, on behalf of themselves and all others similarly situated,<br><br>                                    Plaintiffs,<br><br>v.<br><br>RAILWORKS CORPORATION, KEVIN RIDDETT AND BOB CUMMINGS,<br><br>                                    Defendants. | Case No. 20-civ-02428 (GBD) |

## DECLARATION OF JEREMIAH FREI-PEARSON

I, Jeremiah Frei-Pearson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct:

1. I am a founding partner of the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber LLP ("FBFG") and counsel for Plaintiffs Cornelius Coleman and Linda Horan in the above-captioned action.

2. I am fully familiar with the facts and circumstances surrounding this matter and I respectfully submit this Declaration in Support of Plaintiffs' Uncontested Motion for Final Approval of the Class Action Settlement.

**Settlement**

3. After (i) informal discovery was exchanged between Plaintiffs and Defendants RailWorks Corporation, Kevin Riddett, and Bob Cummings (collectively, the "Defendants" or "RailWorks;" collectively with Plaintiffs, the "Parties"), (ii) Plaintiffs utilized an expert to assist in reviewing and analyzing the informal discovery provided by Defendants, (iii) the Parties held numerous pre-mediation teleconferences, and (iv) the Parties provided extensive mediation

statements, the Parties engaged in a full-day video-conference mediation on August 26, 2020 with experienced mediator Bennet G. Picker of Stradley Ronon Stevens & Young, LLP, where the Parties reached a general agreement in principle to settle, followed by approximately three weeks of further contentious settlement negotiations between the Parties, assisted and facilitated by Mediator Picker.

4.     Though hard-fought, these settlement negotiations were ultimately successful, and after exchanging multiple drafts and multiple conferrals and negotiations over disputed issues, the Parties signed a memorandum of understanding on September 15, 2020, embodying the principle terms of a settlement to resolve Plaintiffs' and the putative class' claims in this litigation. The Parties then drafted and, on November 25, 2020, executed a detailed settlement agreement based on those terms (the "Settlement" or "Settlement Agreement"). ECF No. 23-3.

5.     The Settling Parties feel that the negotiations have produced a result that Class Counsel believe to be in the best interests of the Class Members in light of the costs and risks of continued litigation.

6.     Plaintiffs believe strongly that the claims asserted in this action have merit and that the evidence developed to date supports their claims. Defendants strongly disagree and, absent settlement, would continue to mount an aggressive defense against Plaintiffs' claims.

7.     However, the Parties recognize and acknowledge the benefits of settling this case. Class Counsel have carefully evaluated the merits of the case and the proposed Settlement. Even if this case were to proceed to trial, Class Counsel recognize that the apparent strengths of Plaintiffs' claims are no guarantee against a complete or partial defense verdict. Plaintiffs recognize and acknowledge the length of time litigating this matter would take. Class Counsel

has, therefore, determined that the Settlement agreed to by the Parties is fair, reasonable, and adequate. The Settlement confers substantial benefits upon and is in the best interests of the Class.

8. Defendants maintain that they have a number of meritorious defenses to the claims asserted in this action and denies any and all liability. Defendants maintain that at all times they were not negligent. However, Defendants recognize the risks and uncertainties inherent in litigation, the significant expense associated with defending class actions, the costs of any appeals, and the disruption to its business operations. Defendants also recognize that a trial on class-wide claims would pose litigation risk. Accordingly, Defendants believe that the settlement set forth in the Settlement Agreement is likewise in their best interests.

9. At all times during the settlement negotiation process, negotiations were conducted in good faith and on an arm's length basis.

10. The Settlement provides the following relief to the Class in exchange for the dismissal of the Action and release of Action-related claims against Defendants:

    a. Defendants will offer Class Members credit monitoring and identity theft protection coverage through Identity Guard (or an equivalent provider in the event Identity Guard ceases to operate in its current form), through April 1, 2023.

    b. Defendants will reimburse Class Members who can substantiate that they have expended time remedying issues related to identity theft directly caused by the Data Breach at ten dollars ($10.00) an hour for a total of five (5) hours.

    c. Defendants agree to implement and maintain a variety of specific cyber-security practices.

11. It is not possible to precisely determine the recovery for each Class Member because each Class Member's recovery under the Settlement depends on whether and to what

extent such Class Member accepts the offer of identity theft protection services and/or expended time related to remedying issues related to identity theft caused by the Data Breach.

12. However, I estimate that this identity theft protection service is valued at approximately $300 per Class Member and a total of approximately $6.2 million to the 20,763 member class. This estimation is based on the retail cost of the most equivalent level of credit monitoring protection offered by Identity Guard which costs $29.99 per month.

13. I estimate the reimbursement component of the Settlement consideration to have a value of approximately $1,038,150 million based the maximum reimbursable amount of fifty dollars ($50.00) per Class Member.

14. The Settlement fairly allocates the Settlement consideration among the Class Members. All Class Members are offered the same identity theft protection services and the opportunity to seek loss time reimbursement related to the Data Breach of up to $50.00. Moreover, the non-monetary relief provided by the Settlement will offer additional protection to the extent the Class Members' PII remains in Defendants' possession.

15. I believe that the total consideration under the Settlement will provide the Class Members with nearly all – if not all – of the relief to which they would be entitled if they prevailed on their claims at trial. To Class Counsel's knowledge, the terms of this settlement are more favorable than the terms of similar employee data breach settlements.

16. Through this Settlement, Class Members will receive the above-described benefits far sooner than if litigation were to continue through trial. The Settlement also eliminates the risks to the Class that Defendants could prevail on a dispositive motion, on class certification, or at trial.

17. Plaintiffs share the same interests in securing relief for the claims in this case as every other member of the proposed Class, and there is no evidence of any conflict of interest.

Plaintiffs have demonstrated their continued willingness to vigorously prosecute this case and have regularly consulted with their counsel, aided in the prosecution of the litigation, reviewed documents and the proposed settlement, provided documents in the course of this litigation, indicated their willingness to sit for depositions in this litigation, and indicated their desire to continue protecting the interests of the Class through settlement or continued litigation.

18. Balancing the strength of the Class' claims against the legal and factual obstacles remaining and the Class' interest in obtaining a speedy resolution and associated relief, Plaintiffs and their counsel concluded that accepting the relief obtained in the Settlement was in the best interest of the Class.

19. Plaintiffs filed the motion for preliminary approval on November 30, 2020 (ECF No. 23) which the Court granted on January 4, 2021. *See* Exhibit 1. In granting the preliminary approval motion, the Court: (1) certified the proposed Settlement Class; (2) appointed Plaintiffs as class representatives; (3) appointed FBFG as class counsel; (4) approved the proposed notice plan after finding it consistent with the requirements of Rule 23 and due process; and (5) scheduled a final fairness hearing for May 13, 2021.

20. In accordance with the Settlement Agreement, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), as the settlement administrator ("Settlement Administrator"), has provided notice to the class. The Settlement Administrator's fees to date have been $87,977.89 plus postage of $17,829.19.

21. Consistent with the preliminary approval order and the Settlement Agreement, the Settlement Administrator, sent notice to 17,725 Class Members via U.S. Mail and notice to 4,081 Class Members via electronic mail. 2,704 of the notices sent by U.S. Mail and 1,081 of the notices sent via electronic mail were returned as undeliverable. Epiq conducted address research via

Transunion to identify a new address, if any, for the potential Class Member and identified 23 updated addresses. Epiq re-sent 23 notices, using the updated addresses to all 23 intended recipients and re-mailed 8 Settlement Reminder Notices to persons whose notice was returned by the USPS and for whom updated addresses were provided by the USPS or were obtained through Epiq's address research. In further compliance with the Settlement Agreement and the preliminary approval order, the Settlement Administrator sent Settlement Reminder Notices and also provided notice to the Class on the following website: www.rwcolemansettlement.com. As of April 21, 2021, not a single Class Member has objected to the settlement. Similarly, as of April 21, 2021 not a single Class Member opted out of the Settlement. As of the same date, 583 Class Members claimed credit monitoring, in addition to the 489 that signed up for it prior to the action being filed. 86 Class Members claimed reimbursement for lost time. In total, 1,072 Class Members have enrolled in identity theft protection services, which results in a 5.16% participation rate.

22.   In compliance with the notice plan detailed in the Settlement Agreement, the Settlement Administrator created a website that contains, in plain language, all requirements of Rule 23(c)(2)(B) about the nature of the lawsuit and Class Members' rights as well as provides access to relevant court documents (in addition to how to access the entire docket on PACER), answers to frequently asked questions, and a toll-free number, email address and mailing address to reach the Settlement Administrator and a contact number to reach proposed class counsel. As the claims period remains open, the Settlement website continues to receive a high level of interest from Class Members, with 14,993 visits on the Settlement website as of April 16, 2021, and 1,232 individuals contacting the Settlement Administrator for additional information by either telephone or email.

**Plaintiffs' Counsel's Background and Experience**

23. FBFG has diligently investigated, prosecuted, and dedicated substantial resources to the claims in this action and will continue to do so throughout its pendency.

24. FBFG has extensive experience in prosecuting similar class actions and other complex litigation. Additionally, state and federal courts throughout the country have appointed FBFG as class counsel. A copy of FBFG's firm resume is attached hereto as **Exhibit 2**.

**Exhibits**

25. Attached as Exhibit 1 is a true and correct copy of Judge Daniels' Preliminary Approval Order.

26. Attached as Exhibit 2 is a true and correct copy of the FBFG firm resume.

27. Attached as Exhibit 3 is a Proposed Final Approval Order.

I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct.

Executed on April 22, 2021 in White Plains, New York.

                                                **FINKELSTEIN, BLANKINSHIP,**
                                                **FREI-PEARSON & GARBER, LLP**

                                        By:    */s/ Jeremiah Frei-Pearson*
                                                     Jeremiah Frei-Pearson