USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED MAY 1 3 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CORNELIUS COLEMAN AND LINDA
HORAN, on behalf of themselves and all
others similarly situated,

Plaintiffs,

v.

RAILWORKS CORPORATION, KEVIN
RIDDETT AND BOB CUMMINGS,

Defendants.

---

Case No. 20-civ-02428 (GBD)

## FINAL JUDGMENT AND ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Final Approval of Class Action

Settlement and Motion for Award of Attorneys' Fees, Costs, Expenses, and Incentive Payments to

Class Representatives. Due and adequate notice having been given to the Settlement Class, and

the Court having considered the Settlement Agreement, all papers filed and proceedings had

herein, and all oral and written comments received regarding the proposed settlement, and having

reviewed the record in this litigation and good cause appearing, **IT IS HEREBY ORDERED**

**AND ADJUDGED AS FOLLOWS:**

1.      For purposes of this Final Judgment and Order of Dismissal ("Judgment"), the

Court adopts all defined terms as set forth in the Settlement Agreement filed in this case.

2.      The Court has jurisdiction over the subject matter of the litigation pursuant to 28

U.S.C. § 1332(d)(2), and personal jurisdiction over Plaintiffs Cornelius Coleman and Linda Horan,

the Class Members, and the Releasees ("the Settling Parties").

3.      With respect to the Class and for purposes of approving this Settlement only, this

Court finds as to the Class that:

(a)     the Class is so numerous that joinder of all members is impracticable;

(b)     there are questions of law or fact common to the Class;

(c)     the claims of Plaintiffs are typical of the claims of the Class;

(d)     Plaintiffs will fairly and adequately protect the interests of the Class;

(e)     questions of law and fact common to class members predominate over any

questions affecting only individual Class Members; and

(f)     a class action is superior to other available methods for fairly and efficiently

adjudicating the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of,

and solely in connection with, the Settlement, the Court certifies this action as a class action on

behalf of the following Class:

> All individuals who are citizens and/or residents of the United States
> of America and satisfy the following requirements: (1) the
> individual is an employee, former employee, beneficiary or
> dependent of an employee or former employee of RailWorks, or a
> vendor of RailWorks that received IRS Form 1099, and (2) the
> individual's personal information was affected by the Security
> Incident (as reflected by RailWorks' records pertaining to the
> Security Incident).

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes

of the Settlement only, Plaintiffs Cornelius Coleman and Linda Horan are appointed as the Class

Representatives, and Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Thomas &

Solomon LLP are appointed as Class Counsel. Epiq Class Action & Claim Solutions, Inc. is

appointed as and shall continue to serve as the Settlement Administrator.

6.     The Parties have complied fully with the notice provisions of the Class Action

Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. None of the numerous officials to whom

notice was given under CAFA has filed an objection to the Settlement or otherwise sought to be

heard.

7.    Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the Court hereby finds and concludes that (1) the Settlement Notices to be sent by electronic mail and U.S. Mail ("Settlement Electronic Notice" and "Settlement Postcard Notice," respectively) and the Settlement Reminder Notice sent by electronic mail and U.S. Mail were disseminated to members of the Settlement Class in accordance with the Settlement Agreement and the Court's Preliminary Approval Order, and (2) the Settlement Long Form Notice, the Identity Theft Protection Claim Form, Reimbursement for Lost Time Claim Form, and the Settlement website complied with this Court's Preliminary Approval Order.

8.    The Court finds and concludes that the Settlement Electronic Notice, Settlement Postcard Notice, Settlement Reminder Notice, Settlement Long Form Notice, the Identity Theft Protection and Reimbursement Claim Forms, the Settlement website, and all other aspects of the notice, opt-out, objection and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class and the Settlement Class Members.

9.    Certain persons who fall within the definition of the Settlement Class have requested to opt out of the Settlement and have complied with the procedures established by the Settlement Agreement and this Court. These persons are listed in the attached Exhibit A, and they will not be bound by the terms of the Settlement Agreement.

10.    The Court finds that the Settlement Agreement is the product of arm's-length settlement negotiations between the Settling Parties.

1.    11.    The Court finds and concludes that the Settlement is fair, reasonable, and adequate and should be approved, after considering all of the relevant factors set forth in Fed. R.

3

Civ. P. 23(e)(2) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462-63 (2d Cir. 1974). The Court finds that:

(a)     the Settlement was the product of informed, good-faith, arms' length, and lengthy negotiations between the Parties and their capable and experienced counsel, and was reached with the assistance of a well-qualified and experienced mediator;

(b)     the case was complex, expensive and time consuming and would have continued to be so through trial if the case had not settled, resulting in substantial delay before any Settlement Class Members would receive compensation if the litigation were successful;

(c)     the Settlement Class would have faced numerous and substantial risks in obtaining certification of a litigation class, and in establishing liability and/or damages if they decided to continue litigation rather than settle;

(d)     the benefits provided to Class Members under the Settlement Agreement are well within the range of reasonableness in light of the best possible recovery and the risks the parties would have faced if the case had continued;

(e)     the benefits of the Settlement treat Settlement Class Members equitably relative to each other, as all Settlement Class Members are eligible for the same benefits;

(f)     the method of distributing relief to the Settlement Class, including the method of processing class-member claims, is fair and reasonable and being conducted by an experienced and neutral Settlement Administrator;

(g)     the proposed award of attorney's fees is to be paid separately from and does

not affect the relief to be provided to the Settlement Class; and

(h)     the proposed settlement was well-received by the Class; it is also significant

that none of the numerous federal and state agencies notified pursuant to the

CAFA have objected to the settlement.

12.     The Court held a Final Approval Hearing on May 13, 2021 at 10:30 a.m., giving

the Parties and any Settlement Class Members present an opportunity to be heard if they so

desired.

13.     The Court hereby approves the Settlement (as set forth in the Settlement

Agreement), the Release, and all other terms in the Settlement Agreement, as fair, just,

reasonable, and adequate as to the Parties and the Settlement Class.  The Parties are directed to

perform in accordance with the terms set forth in the Settlement Agreement.  However, without

seeking further Court approval, the Settling Parties may jointly agree to make changes to the

Settlement Agreement, including to the manner in which the claims process shall be

administered, provided that those changes do not reduce the benefits to which Settlement Class

Members may be entitled, increase the burden on Settlement Class Members in making a claim,

or otherwise materially alter the Parties' obligations under the Settlement and the Settlement

Agreement.

14.     By this Judgment, the Releasors shall be deemed to have (and by operation of the

Judgment shall have) fully finally, and forever released, relinquished, and discharged all

Released Claims against the Releasees.

15.     This action is dismissed with prejudice. The Parties are to bear their own attorney's fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

16.     This Court has considered and overruled all objections to the Settlement.

17.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Releasees may file the Settlement Agreement and/or the Judgment from this litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settlement Agreement may not be the subject of discovery, and may not be referred to, or offered or received in evidence against any of the Releasees in any civil, criminal or administrative action or proceeding, except by the Parties for purposes of enforcing the Settlement Agreement.

18.     If for any reason the Effective Date does not occur, then (1) the certification of the Settlement Class shall be deemed vacated, (2) the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and (3) the Settling Parties shall return to the *status quo ante* in the litigation as it existed on January 4, 2021, without prejudice to the right of any of the Settling Parties to

assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court

19.     Upon consideration of Plaintiffs' Motion for Award of Attorneys' Fees and Costs, the Motion is GRANTED.  Consistent with Paragraph 51 of the Settlement Agreement, Defendants shall pay Class Counsel $493,000 in attorneys' fees, costs, and litigation expenses, consistent with the terms of the Settlement Agreement.  Per the Settlement Agreement, this award shall be paid separate and apart from the Settlement consideration received by members of the Settling Class.  In making this award, the Court has considered and found that:

(a)     The Settlement Notices advised that Class Counsel would seek an award of attorneys' fees, costs, and expenses of no more than $493,000, which, if approved by the Court, Defendants agreed to pay separately;

(b)     This action involves complex factual and legal issues, was actively prosecuted, and, in the absence of the Settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(c)     Class Counsel skillfully and zealously pursued this action on behalf of the Class Representatives and the Class;

(d)     The hourly rates charged by Class Counsel are reasonable;

(e)     Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representatives and the Class would recover less or nothing from Defendants; and

(f)     The amount of attorneys' fees awarded here is consistent with awards in similar cases.

20.    Upon consideration of Plaintiffs' Motion for Incentive Payments to Class Representatives, the request is GRANTED. Consistent with the terms of Paragraph 51 of the Settlement Agreement, Defendants shall pay Plaintiffs Cornelius Coleman and Linda Horan Incentive Payments in the amount of $5,000 each. Per the Settlement Agreement, these Incentive Payments shall be paid separate and apart from the Settlement consideration received by members of the Settling Class.

21.    Each and every Class Member, and any person actually or purportedly acting on behalf of any Class Member, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Releasees. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

22.    Confidential Information pertaining to the Settlement, including but not limited to personal identifying information of Settlement Class Members and any financial information of RailWorks, shall be handled in accordance with Paragraph 76 of the Settlement Agreement.

23.    This document is a final, appealable order, and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure. By incorporating the Settlement Agreement's terms herein, the Court determines that this Final Judgment complies in all respect with Federal Rule of Civil Procedure 65(d)(1).

24.    The Court reserves jurisdiction, without affecting in any way the finality of this Order and Judgment, over (a) the implementation and enforcement of this Settlement; (b) enforcing and administering this Order and Judgment; (c) enforcing and administering the Settlement Agreement, including any releases executed in connection therewith; and (d) other matters related or ancillary to the foregoing.

25.    There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: **MAY 1 3 2021**, 2021
New York, New York

SO ORDERED:

*George B. Daniels*

Hon. George B. Daniels

9